Malcolm I. Lewin, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Tel: 212-735-8600; Fax: 212-735-8708
Attorneys for Defendant Southern Wine
  & Spirits of America, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
TATIANA HERDOCIA and ENA SCOTT, :
:
Plaintiffs, : CASE NO.: CV-14 3196 DRH ARL
:
v. : DEFENDANT SOUTHERN WINE
: & SPIRITS OF AMERICA, INC.'S
SOUTHERN WINE & SPIRITS OF : ANSWER TO PLAINTIFFS'
AMERICA, INC., and WINE, LIQUOR & : COMPLAINT
DISTILLERY WORKERS UNION, LOCAL 1D. :
:
Defendants. :
-------------------------------------------------------------X

Defendant SOUTHERN WINE & SPIRITS OF AMERICA, INC. ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiffs Tatiana Herdocia ("Herdocia") and Ena Scott ("Scott") (collectively "Plaintiffs"), on behalf of itself and no other Defendants. Defendant answers and alleges as follows:

1.  In answer to paragraph 1 of the Complaint, Defendant specifically denies each and every allegation contained therein.

**"PARTIES AND JURISDICTION"**

2.  In answer to paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 2.

3. In answer to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4. In answer to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. In answer to paragraph 5 of the Complaint, Defendant admits that venue is proper in this District. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 5.

6. In answer to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

7. In answer to paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

8. In answer to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9. In answer to paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10. In answer to paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11. In answer to paragraph 11 of the Complaint, Defendant admits that its principal place of business is located at 1600 NW 163rd Street, Miami, Florida 33169 and that it maintains an office at 313 Underhill Blvd., Syosset, NY 11791.

12. In answer to paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13. In answer to paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

14. In answer to paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

15. In answer to paragraph 15 of the Complaint, Defendant admits that Plaintiffs are and have been employees of Defendant within the bargaining unit and that the applicable collective bargaining agreement sets forth the bargaining unit. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

## "STATEMENT OF FACTS"

16. In answer to paragraph 16 of the Complaint, Defendant repeats and re-alleges all foregoing paragraphs.

17. In answer to paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18. In answer to paragraph 18 of the Complaint, Defendant admits that Plaintiff Herdocia began her employment with Defendant in or around January 22, 2008 and that Plaintiff Herdocia's title was Inventory Control Clerk. Except as so admitted, Defendant specifically denies each and every allegation contained therein.

19. In answer to paragraph 19 of the Complaint, Defendant specifically denies each and every allegation contained therein.

20. In answer to paragraph 20 of the Complaint, Defendant admits that Plaintiff Scott began her employment with Defendant in or around January 22, 2008 and that Plaintiff Scott's title was Inventory Control Clerk. Except as so admitted, Defendant specifically denies each and every allegation contained therein.

21. In answer to paragraph 21 of the Complaint, Defendant specifically denies each and every allegation contained therein.

22. In answer to paragraph 22 of the Complaint, Defendant admits the allegations contained therein.

23. In answer to paragraph 23 of the Complaint, Defendant specifically denies each and every allegation contained therein.

24. In answer to paragraph 24 of the Complaint, Defendant specifically denies each and every allegation contained therein.

25. In answer to paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

26. In answer to paragraph 26 of the Complaint, Defendant admits that it and the union negotiated over the terms and conditions of Plaintiffs' employment, including their rates of pay. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 26.

27. In answer to paragraph 27 of the Complaint, Defendant specifically denies each and every allegation contained therein.

28. In answer to paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

29. In answer to paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations

30. In answer to paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiffs spoke to Cognetta or what was said and, on that basis, denies those allegations. As to the remainder of paragraph 30, Defendant specifically denies each and every allegation.

31. In answer to paragraph 31 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## "AS AND FOR A FIRST CAUSE OF ACTION"

(Equal Pay Act of 1963)

32. In answer to paragraph 32 of the Complaint, Defendant re-alleges and incorporates each and every response in paragraphs 1-31 above as though fully set forth herein. Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 32.

33. In answer to paragraph 33 of the Complaint, Defendant admits the allegations contained therein.

34. In answer to paragraph 34 of the Complaint, Defendant specifically denies each and every allegation contained therein.

35. In answer to paragraph 35 of the Complaint, Defendant admits that it is an employer for purposes of the EPA. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 35.

36. In answer to paragraph 36 of the Complaint, Defendant specifically denies each and every allegation contained therein.

37. In answer to paragraph 37 of the Complaint, Defendant specifically denies each and every allegation contained therein.

38. In answer to paragraph 38 of the Complaint, Defendant specifically denies each and every allegation contained therein.

39. In answer to paragraph 39 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## "AS AND FOR A SECOND CAUSE OF ACTION"

(Sex Discrimination – NYSHRL)

40. In answer to paragraph 40 of the Complaint, Defendant re-alleges and incorporates each and every response in paragraphs 1-39 above as though fully set forth herein. Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 40.

41. In answer to paragraph 41 of the Complaint, Defendant admits the allegations contained therein.

42. In answer to paragraph 42 of the Complaint, Defendant specifically denies each and every allegation contained therein.

43. In answer to paragraph 43 of the Complaint, Defendant admits that it is an employer for purposes of the NYSHRL. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 43.

44. In answer to paragraph 44 of the Complaint, Defendant specifically denies each and every allegation contained therein.

45. In answer to paragraph 45 of the Complaint, Defendant specifically denies each and every allegation contained therein.

46. In answer to paragraph 45 of the Complaint, Defendant specifically denies each and every allegation contained therein.

47. In answer to paragraph 45 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## "AS AND FOR A THIRD CAUSE OF ACTION"

(Pay Differential Because of Sex – NYLL § 194)

48. In answer to paragraph 48 of the Complaint, Defendant re-alleges and incorporates each and every response in paragraphs 1-47 above as though fully set forth herein. Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 48.

49. In answer to paragraph 49 of the Complaint, Defendant admits the allegations contained therein.

50. In answer to paragraph 50 of the Complaint, Defendant specifically denies each and every allegation contained therein.

51. In answer to paragraph 51 of the Complaint, Defendant admits that it is an employer for purposes of the NYLL. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 43.

52. In answer to paragraph 52 of the Complaint, Defendant specifically denies each and every allegation contained therein.

53. In answer to paragraph 53 of the Complaint, Defendant specifically denies each and every allegation contained therein.

54. In answer to paragraph 54 of the Complaint, Defendant specifically denies each and every allegation contained therein.

55. In answer to paragraph 55 of the Complaint, Defendant specifically denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

56. Without conceding that any act of Defendant caused damage to Plaintiffs or any other person in any respect and without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs, Defendant hereby asserts separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

57. Neither the SAC, nor any purported cause of action asserted therein, states facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

58.     Plaintiffs, and each of them, have failed to mitigate their damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiffs, and each of them, must be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

(Good Faith)

59.     Defendant and its agents complied, or sought in good faith to comply, with all obligations under the law at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Contractual Remedies)

60.     This Court has no jurisdiction over the subject matter of the Complaint, nor over the subject matter of any of the purported causes of action alleged therein because Plaintiffs, and each of them, have failed to exhaust the exclusive contractual remedies which are set forth in a collective bargaining agreement between Defendant and the union which represents Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

61.     Plaintiffs, and each of them, have unclean hands and are therefore barred from obtaining any relief under any of the purported causes of action contained in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

62. Plaintiffs' claims are barred by all applicable statutes of limitation including, but not limited to, 29 U.S.C. §255, N.Y. Exec. Law § 297, and N.Y. Lab. Law §198.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

63. By conduct, representations, and omissions, Plaintiffs, and each of them, have waived, relinquished, or abandoned any claim for relief against Defendant respecting the matters which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Laches)

64. The Complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Arbitrate)

65. This Court has no jurisdiction over the subject matter of the Complaint, nor over the subject matter of any of the purported causes of action alleged therein because the controversies alleged in the Complaint and each cause of action therein are subject to a written agreement to arbitrate contained in a collective bargaining agreement between Defendant and the union which represented Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

(NLRA Preemption)

66. The Complaint, and each purported cause of action alleged therein, fail to allege facts sufficient to constitute causes of action against Defendant because the National Labor

Relations Act, 29 U.S.C. § 151, et seq., grants exclusive jurisdiction over the subject matter of the Complaint and the purported causes of action alleged therein to the National Labor Relations Board.

## ELEVENTH AFFIRMATIVE DEFENSE

(Section 301 Preemption)

67. The Complaint, and each purported cause of action alleged therein, are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## TWELFTH AFFIRMATIVE DEFENSE

(Seniority)

68. Any differences in pay alleged in the Complaint are based on a nondiscriminatory seniority system pursuant to 29 U.S.C. § 206(d)(1)(i) and any comparably New York statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Differential Based on Any Other Factor Other Than Sex)

69. Any differences in pay alleged in the Complaint are based on any other factor other than sex pursuant to 29 U.S.C. § 206(d)(1)(iv) and any comparable New York statutes.

## RESERVATION OF RIGHTS

70. Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are available to it.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury for all issues so triable.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs, and each of them, take nothing by way of their Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiffs, and each of them;

3. For reasonable attorneys' fees, as appropriate, and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       June 25, 2014

Morrison Cohen LLP

By: _____
    Malcolm I. Lewin
    909 Third Avenue
    New York, New York  10022
    Tel.:  (212) 735-8600

Korshak, Kracoff, Kong & Sugano, LLP
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, California 90025
Keith R. Thorell (State Bar No. 199558)
Lauren F. Hager (State Bar No. 256003)
Tel.:  (310) 996-2340
Attorneys for Defendant
Southern Wine & Spirits Of
    America, Inc.

(Motion for *pro hac vice* admission to be filed)

TO:
The Santiago Law Firm, P.C.
Jose G. Santiago
Brendan T. McVey
201 Moreland Road, Suite 10
Hauppauge, New York 11788
Attorneys for Plaintiffs

Index No. CV-14 3196 DRH ARL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TATIANA HERDOCIA and ENA SCOTT,

                         Plaintiff,

-against-

SOUTHERN WINE & SPIRITS OF AMERICA, INC., and WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1D,

                         Defendant.

---

DEFENDANT SOUTHERN WINE & SPIRITS OF AMERICA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

---

ATTORNEYS FOR DEFENDANT

MorrisonCohen
909 Third Avenue, New York, NY 10022-4731 •
p:212.735.8600 • f:212.735.8708