Jose G. Santiago, Esq.
Ackerman, Levine, Cullen,
Brickman & Limmer, LLP
*Attorneys for Plaintiff*
1010 Northern Blvd., Ste. 400
Great Neck, New York 11010
Telephone:     (516) 829-6900
Facsimile:     (516) 829-6966

**UNITED STATES DISTRICT COURT**
**EASTERN DISTIRCT OF NEW YORK**
-------------------------------------------------------------X
**TATIANA HERDOCIA and ENA SCOTT,**         Index No: 14-CV-3196
                                            (JMA)(ARL)
            **Plaintiffs,**

       -against-                            **PLAINTIFF'S THIRD**
                                            **DOCUMENT REQUEST**
                                            **TO DEFENDANT**
                                            **SOUTHERN WINE &**
                                            **SPIRITS OF AMERICA,**
                                            **INC.**

**SOUTHERN WINE & SPIRITS OF AMERICA**
**INC., and WINE, LIQUOR & DISTILLERY**
**WORKERS UNION, LOCAL 1D**

            **Defendants.**
-------------------------------------------------------------X

  PLEASE TAKE NOTICE, that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs demands that the defendants herein produce and permit plaintiff to inspect and copy the documents designated below, at the offices of Ackerman, Levine, Cullen, Brickman & Limmer, LLP, 1010 Northern Blvd., Suite 400, Great Neck, New York 11010, within thirty (30) days of service of these document requests.

**DEFINITIONS**

1.     Unless specifically indicated otherwise, the following definitions are applicable throughout this document and are incorporated into each Document Demand.

1

506105.1

2. The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include all kinds of writings, including but not limited to the original or draft of any kind of written or graphic matter in any medium, however or by whomever produced or reproduced, of any kind or description, whether sent or received or neither and all copies thereof which are different in any way from the original (whether by receipt stamps, notation, indication of copy sent or received or otherwise), regardless of whether designated "confidential," "privileged", or otherwise, and including without limitation, any paper, book, periodical, circular, pamphlet, notice, statement, notepad, diagram, account, photograph, blueprint, drawing, agreement, contract, questionnaire, calendar, diary, memorandum, advertising material, message, letter, postcard, telegram, facsimile communication, object, report, record, telephone record, transcript, study, note, notation, working paper, schedule, itinerary, intra-office communication,, e-mail message, communication sent or received via modem, inter-office communication, personal interview, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill, bill of lading, invoice, data sheet, flow sheet, price list, purchase order, receipt, quotation, bulletin, circular, manual, summary, graph or other data compilations from which information may be obtained, notation or recording of telephone or other conversation, or of interviews, or of conferences or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which you have or have had access to or of which you have knowledge. If such data compilations or documents are contained on magnetic disks, tapes, or other media not readable by the human eye, the relevant portions of such compilations shall be translated through computers or other such detection or reading devices into printed form.

3. The term "person" means the plural as well as the singular and includes any natural person, governmental unit or entity, partnership, firm, corporation, association, joint venture, trust, or any other form of organization or legal entity.

4. The term "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by documents, writing or copy thereof or otherwise.

5. The term "Concerning" means relating to, referring to, describing, evidencing, showing, or constituting.

6. The term "Referring to" and "arising out of and its cognates mean summarizing, commenting upon, describing, digesting, reporting, listing, analyzing, studying, discussing, comprising or resulting from the subject matter identified in a request.

7. The term "You" and "your" mean Defendants and their agents, attorneys, representatives, employees, or other persons acting on Defendants' behalf

8. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The term "all" shall mean "any and all"; the term "each" shall mean "each and every."

10. The use of the singular form of any word includes the plural and vice versa.

11. "Defendant" shall mean the entities named as defendants in the caption of the Complaint, or any agent, employee or representative, including without limitation attorney thereof, investigator, or other person or entity who are in possession of or who may have obtained information for or on behalf of Defendants.

12.     "Plaintiff" shall mean the entities named as plaintiffs in the caption of the Complaint, both individually and jointly.

**INSTRUCTIONS**

13.     You are to produce all documents referred to or described below which are in your possession, custody or control, within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

14.     These requests for documents shall be as broadly construed as possible to include all documents that may conceivably fall within their scope. The specificity of any request for documents shall not be construed to limit the generality of any other request. Whenever appropriate, the singular form of a word shall be interpreted in the plural, and the plural in the singular.

15.     All requested documents shall be produced within 30 days of the date of this request at the offices of Ackerman, Levine, Cullen, Brickman & Limmer, LLP, 1010 Northern Blvd., Suite 400, Great Neck, New York 11010.

16.     You are to produce the original of each requested document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof.

17.     All requested documents shall be produced either as they are kept in the normal course of business, or organized and labeled to correspond to the categories requested.

18.     This request for documents is continuing in nature, so that if responsive documents come to your attention after your response, your response should be timely supplemented to include such documents.

506105.1

19. If you withhold any document on a claim or privilege or work product, then describe the type of document being withheld, its date, the identity of its author, its subject matter, its current location, and the specific grounds for withholding the document.

20. Where a request requires the production of documents, the original shall be produced unless it is not in your custody. If copies are all that is available, the reverse side of each such document shall be copied unless it is completely blank. All copies that are non-identical to the original should be produced along with the original.

21. All documents must be produced in their original file folders, binders, or other covers unless that is not possible. Whenever a document or group of documents is taken out of a file folder, cover, file drawer, file box or notebook before the same is produced, attach thereto a copy of the label of the file folder, binder, cover, file drawer, file box or notebook from which the document or group of documents was removed.

22. If any document requested was formerly in the possession, custody, or control of Defendant(s) and has been lost or destroyed, Defendant is requested to submit, in lieu of each such document, a written statement which:

    a. describes in detail the nature of the document and its contents

    b. identifies the person who prepared or authorized the document

    c. specifies the date on which the document was lost or destroyed, and if destroyed,

the contents and the identity of the person requesting and performing the destruction.

## DOCUMENTS REQUESTED

1. All documents, including but not limited to payroll records and time cards, related to the overtime hours to plaintiffs and all employees categorized as "warehouse" for the period May 2008 through the present.

2. All postings, notices, emails or other correspondence related to the assigning of overtime to plaintiffs and all employees categorized as "warehouse" from May 2008 through the present.

Dated: Great Neck, New York
June 10, 2016

                                      Ackerman, Levine, Cullen,
                                      Brickman & Limmer, LLP
                                      *Attorneys for Plaintiffs*

BY:    *Jose G. Santiago*
                                      Jose G. Santiago, Esq.
                                      1010 Northern Blvd., Ste. 400
                                      Great Neck, New York 11010
                                      (516) 829-6900
                                      *jsantiago@ackermanlevine.com*

To:    Keith R. Thorell
        Korshak, Kracoff, Kong & Sugano, LLP
        1640 S. Sepulveda Boulevard, Suite 520
        Los Angeles, California 90025
        *Attorneys for Defendant Southern Wine & Spirits of America, Inc.*

        J. Warren Mangan, Esq.
        O'Connor & Mangon, P.C.
        271 North Avenue, Suite 206
        New Rochelle, New York 10801
        *ocmlawyers@aol.com*
        *Attorneys for Wine, Liquor & Distillery Workers Union Local 1D*

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused to be served a true and correct copy of Plaintiff's Third Document Request to Defendants was served via First Class Mail and/or email (where indicated), this <u>10th day of June, 2016</u>, on:

Keith R. Thorell, Esq.
Lauren F. O'Connor, Esq.
Korshak, Kracoff, Kong & Sugano, LLP
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, California 90025
*Keith@kkks.com*
*Lauren@kkks.com*
*Attorneys for Defendant Southern Wine & Spirits of America, Inc.*

J. Warren Mangan, Esq.
O'Connor & Mangon, P.C.
271 North Avenue, Suite 206
New Rochelle, New York 10801
*ocmlawyers@aol.com*
*Attorneys for Wine, Liquor & Distillery Workers Union Local 1D*

      I affirm that the foregoing statements are true, under penalty of perjury.

Dated:  Great Neck, New York
         June 10, 2016

*Jose G. Santiago*
Jose G. Santiago, Esq.

506105.1