J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY   10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**TATIANA HERDOCIA and ENA SCOTT,**

                              **Plaintiffs,**                    **Case No. CV 14-3196 (DRH)(ARL)**

        **- against -**

                                                                 **DEFENDANT WINE, LIQUOR &**
                                                                 **DISTILLERY WORKERS UNION**
**SOUTHERN WINE & SPIRITS OF**                                   **LOCAL 1-D, UFCW'S**
**AMERICA, INC. and WINE, LIQUOR &**                             **NOTICE OF MOTION**
**DISTILLERY WORKERS UNION, LOCAL 1D,**                          **FOR SUMMARY JUDGMENT**

                              **Defendants.**

-------------------------------------------------------------X


        **PLEASE TAKE NOTICE,** that upon the annexed:  (i) Memorandum of Law in Support

of Defendant Wine, Liquor & Distillery Workers Union Local 1-D, UFCW ("Local 1-D")

Motion for Summary Judgment; (ii) Local 1-D's Rule 56.1 Statement of Undisputed Material

Facts; (iii) Affirmation of J. Warren Mangan and (iv) upon all pleadings and proceedings

heretofore had herein, Defendant Local 1-D will move this court before the Hon. Denis R.

Hurley, Sr., at the United States District Court for the Eastern District of New York, located at

100 Federal Plaza, Central Islip, New York  11722, on a date and time to be determined by the

Court for an Order (1) granting this motion for summary judgment pursuant to Fed. R. Civ. P. 56

and (2) dismissing this action in its entirety, with costs, disbursements and such other and further

relief as to this Court, is just, proper and equitable.

Dated: New Rochelle, NY
      April 18, 2017

                                O'CONNOR & MANGAN, P.C.
                                Attorneys for Local 1-D

By: J. WARREN MANGAN, ESQ. (JWM 8779)
     271 North Avenue, Suite 206
     New Rochelle, NY   10801
     914-576-7630, Ext. 15
     914-576-7682 - fax
     Email:  ocmlawyers@aol.com

TO:    Jose G. Santiago, Esq.
        McLaughlin & Stern, LLP
        1010 Northern Blvd., Suite 400
        Great Neck, New York   11021
        516-829-6900
        516-829-6966 - fax
        jsantiago@mclaughlinstern.com
        Attorneys for Defendants

        Malcolm I. Lewin, Esq.
        Morrison Cohen LLP
        909 Third Avenue
        New York, New York   10022
        mlewin@morrisoncohen.com
        Attorney for Defendant Southern Wine & Spirits of America, Inc.

        Keith R. Thorell, Esq.
        Korshak, Kracoff, Kong & Sugano, LLP
        1640 S. Sepulveda Boulevard, Suite 520
        Los Angeles, California   90025
        keith@kkks.com
        Attorneys for Defendant Southern Wine & Spirits of America, Inc.

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on April 18, 2017, the within

DEFENDANT WINE, LIQUOR & DISTILLERY WORKERS UNION LOCAL 1-D, UFCW'S

NOTICE OF MOTION FOR SUMMARY JUDGMENT was served on the persons listed below,

via email and mail, as noted:

> Jose G. Santiago, Esq.
> McLaughlin & Stern, LLP
> 1010 Northern Blvd., Suite 400
> Great Neck, New York 11021
> jsantiago@mclaughlinstern.com
> Attorneys for Defendants
>
> Malcolm I. Lewin, Esq.
> Morrison Cohen LLP
> 909 Third Avenue
> New York, New York 10022
> mlewin@morrisoncohen.com
> Attorney for Defendant Southern Wine & Spirits of America, Inc.
>
> Keith R. Thorell, Esq.
> Korshak, Kracoff, Kong & Sugano, LLP
> 1640 S. Sepulveda Boulevard, Suite 520
> Los Angeles, California 90025
> keith@kkks.com
> Attorney for Defendant Southern Wine & Spirits of America, Inc.

J. WARREN MANGAN, ESQ.

3

J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY   10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**TATIANA HERDOCIA and ENA SCOTT,**

                         **Plaintiffs,**             **Case No. CV 14-3196 (DRH)(ARL)**

     - against -

                                           **MEMORANDUM OF LAW**
                                           **IN SUPPORT OF LOCAL 1-D'S**
**SOUTHERN WINE & SPIRITS OF**            **NOTICE OF MOTION**
**AMERICA, INC. and WINE, LIQUOR &**     **FOR SUMMARY JUDGMENT**
**DISTILLERY WORKERS UNION, LOCAL 1D,**

                        **Defendants.**

-----------------------------------------------------------------X

      Defendant Southern Wine & Spirits of America, Inc. ("Southern") operates an office

complex, warehouse and distribution facility in Syosset, New York ("Facility"), and Defendant

Wine, Liquor & Distillery Workers Union Local 1-D, affiliated with the United Food &

Commercial Workers International Union ("Local 1-D") is the collective bargaining

representative of certain employees of Southern employed at the Facility.  Among those

employees represented by Local 1-D is a classification known as "inventory control clerks".

The Plaintiffs Tatiana Herdocia ("Herdocia") and Ena Scott ("Scott") are part of that inventory

control clerk group working at the Facility. Plaintiffs commenced this civil action against Southern and Local 1-D, on or about May 22, 2014, in this Court ("Action").

Plaintiffs commenced working for Southern, at the Facility, in or around January 2008 and they continue to be employed at the facility as inventory control clerks. During that period Southern and Local 1-D have been parties to three (3) successive collective bargaining agreements ("CBAs"), each of which has set forth the wages and benefits applicable to all of Southern's inventory control clerks. Each of the three claims brought in this Action are, separately, based on Plaintiffs' allegation that Local 1-D and Southern sexually discriminated against them "by negotiating for and paying Plaintiffs less than [Southern's] male workers performing substantially the same work."

Discrimination suits are cognizable against union defendants only when the complaint alleges that the union failed to discharge its representation duties on behalf of its bargaining employee(s) in good faith, with honesty and without hostility. To bring a discrimination claim against a union, the plaintiff(s) must allege that:

(1)    the union breached its duty of fair representation ("DFR") to its bargaining unit employee(s), and

(2)    the union's conduct was motivated by animus toward the claimant employee(s) protected status.

To be successful, the plaintiff(s) must prove:

(1)    the union's action was arbitrary, discriminatory or in bad faith, and

(2)    there was a causal connection between the union's wrongful conduct and the harm caused to the plaintiff(s).

Here, there is no DFR pleading against Local 1-D. Moreover, the statute of limitations for a breach of the DFR is six (6) months, and accrues no later than the time when the plaintiff(s) knew or reasonably should have known that such DFR had occurred. Because the six (6) month statute of limitation period applies to Plaintiffs' claims against Local 1-D their allegations must be dismissed with prejudice, as time-barred. In this case, any DFR claim would have accrued in or about November 2009. Plaintiffs failed to file the instant district court action until May 22, 2014. Any application to amend the Complaint herein would, thus, be futile. *DelCostello v. I.B.T.*, 462 U.S. 151, 155 (1983); *Cohen v. Flushing Hospital and Medical Center*, 68 F. 3d 64, 67 (2nd Cir. 1995); *Romero v. Local Union 272, et al.*, 2016 WL 5376210*9&10 (SDNY).

Discrimination claims against unions, brought under State law, do not lie. Such claims are subsumed, under federal common law, within the DFR, and are thus preempted within the duty of fair representation imposed by the National Labor Relations Act, 29 U.S.C. §8(b) (see *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). See *Snay v. U.S. Postal Service*, 31 F. Supp. 2d 92, 99 (N.D.N.Y. 1998). *Hygom v. DiFazio Power & Electric, LLC*, 2015 WL 1247986 (EDNY). Thus, where a union is charged by a bargaining unit employee, on the basis of impermissible animus, that claim is construed as a breach of the DFR. Plaintiffs' state claims give no new rights to them and imposes no new duty on Local 1-D. Accordingly, Plaintiffs' claims must be dismissed.

The Equal Pay Act affords a basis for monetary recovery against employers, not unions, in private action brought by bargaining unit employees. The statute is expressly directed against employers. *Northwest Airlines, Inc. v. Transport Workers Union of American, AFL-CIO*, 451 U.S. 77, 94 (1981). Moreover, unions and employers do not share common liability to

employees under the New York Equal Pay Act (Labor Law §194). This statute is both analyzed

and evaluated under the same standards as the Equal Pay Act. See *Lehman v. Bergmann*

*Associates, Inc.*, 11 F. Supp. 3d 408, 420 (WDNY 2014).

Dated: New Rochelle, NY
     April 18, 2017

                           Respectfully submitted,

                           O'CONNOR & MANGAN, P.C.

                           By: J. WARREN MANGAN, ESQ. (8879)
                           271 North Avenue, Suite 206
                           New Rochelle, NY 10801
                           914-576-7630, Ext. 15
                           914-576-7682 - fax
                           Email: ocmlawyers@aol.com

TO:    Jose G. Santiago, Esq.
        McLaughlin & Stern, LLP
        1010 Northern Blvd., Suite 400
        Great Neck, New York 11021
        516-829-6900
        516-829-6966 - fax
        jsantiago@mclaughlinstern.com
        Attorneys for Defendants

        Malcolm I. Lewin, Esq.
        Morrison Cohen LLP
        909 Third Avenue
        New York, New York 10022
        mlewin@morrisoncohen.com
        Attorney for Defendant Southern Wine & Spirits of America, Inc.

        Keith R. Thorell, Esq.
        Korshak, Kracoff, Kong & Sugano, LLP
        1640 S. Sepulveda Boulevard, Suite 520
        Los Angeles, California 90025
        keith@kkks.com
        Attorneys for Defendant Southern Wine & Spirits of America, Inc.

J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY   10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**TATIANA HERDOCIA and ENA SCOTT,**

                         **Plaintiffs,**

       - against -

**SOUTHERN WINE & SPIRITS OF**
**AMERICA, INC. and WINE, LIQUOR &**
**DISTILLERY WORKERS UNION, LOCAL 1D,**

                     **Defendants.**

-------------------------------------------------------------X

**Case No. CV 14-3196 (DRH)(ARL)**

**DEFENDANT WINE, LIQUOR &**
**DISTILLERY WORKERS UNION**
**LOCAL 1-D, UFCW'S**
**STATEMENT OF UNDISPUTED**
**MATERIAL FACTS**

Defendant Wine, Liquor & Distillery Workers Union Local 1-D, UFCW ("Local 1-D")

submits this statement, pursuant to Rule 56.1 of the Local Rules of the United States District

Court for the Eastern District of New York, to set forth the material facts, in support of this

motion, as to which it contends there is no genuine issue to be tried:

     1.   Defendant Local 1-D is a "labor organization" as defined in the National Labor

Relations Act ("Act"), 29 U.S.C. §152(5).

2.     Defendant Southern Wine & Spirits of America, Inc. ("Southern") is an "employer" as defined in the Act, 29 U.S.C. §152(2).

3.     Plaintiffs Tatiana Herdocia ("Herdocia") and Eda Scott ("Scott") are "employees" as defined in the Act, 29 U.S.C. §152(3).

4.     In or around January 2008, Herdocia and Scott began their employment with Southern as inventory control clerks.

5.     Local 1-D is the duly recognized collective bargaining representative of certain inventory control clerks employed by Southern, including both Herdocia and Scott.

6.     During the relevant times herein, said inventory control clerks were covered by the terms of a collective bargaining agreement by and between Southern and Local 1-D ("CBA").

7.     In or around April of 2011, Herdocia and Scott complained to Local 1-D about not receiving "top pay" as provided in the CBA.

8.     On May 22, 2014, Herdocia and Scott commenced this action ("Action").

9.     The Action contains three sex discrimination claims against Local 1-D allegedly due to its negotiating for pay that provided Herdocia and Scott with lower wages than their male co-workers performing substantially the same work for Southern.

10.   The Plaintiffs have failed in their Complaint to allege that Local 1-D:

- breached its duty of fair representation to its bargaining unit employee at

   Southern, and

- that its conduct was motivated by animus toward Herdocia and Scott.

Dated:  New Rochelle, NY
        April 18, 2017

                                O'CONNOR & MANGAN, P.C.
                                Attorneys for Local 1-D


                                By: J/WARREN MANGAN, ESQ. (JWM 8779)
                                    271 North Avenue, Suite 206
                                    New Rochelle, NY   10801
                                    914-576-7630, Ext. 15
                                    914-576-7682 - fax
                                    Email:  ocmlawyers@aol.com

TO:    Jose G. Santiago, Esq.
       McLaughlin & Stern, LLP
       1010 Northern Blvd., Suite 400
       Great Neck, New York   11021
       516-829-6900
       516-829-6966 - fax
       jsantiago@mclaughlinstern.com
       Attorneys for Defendants

       Malcolm I. Lewin, Esq.
       Morrison Cohen LLP
       909 Third Avenue
       New York, New York   10022
       mlewin@morrisoncohen.com
       Attorney for Defendant Southern Wine & Spirits of America, Inc.

       Keith R. Thorell, Esq.
       Korshak, Kracoff, Kong & Sugano, LLP
       1640 S. Sepulveda Boulevard, Suite 520
       Los Angeles, California   90025
       keith@kkks.com
       Attorneys for Defendant Southern Wine & Spirits of America, Inc.

3

J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY   10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**TATIANA HERDOCIA and ENA SCOTT,**

                                   **Plaintiffs,**

           - against -

**SOUTHERN WINE & SPIRITS OF**
**AMERICA, INC. and WINE, LIQUOR &**
**DISTILLERY WORKERS UNION, LOCAL 1D,**

                                   **Defendants.**

-----------------------------------------------------------------X

**Case No. CV 14-3196 (DRH)(ARL)**

**AFFIRMATION OF**
**J. WARREN MANGAN**
**IN SUPPORT OF LOCAL 1-D'S**
**NOTICE OF MOTION**
**FOR SUMMARY JUDGMENT**

I, J. Warren Mangan, pursuant to 28 U.S.C. §1746, hereby affirm:

1.  I am a member of the bar of the State of New York and of this Court.  I am a partner in the firm of O'Connor & Mangan, P.C., attorneys for the Defendant Wine, Liquor & Distillery Workers Union Local 1-D, UFCW ("Local 1-D").  I have personal knowledge of the facts stated below and the proceedings in this case.

2.  I submit this affirmation in support of Local 1-D's motion for summary judgment.

## BACKGROUND

3. Plaintiffs filed their Complaint in this action on May 22, 2014.

4. This affirmation sets forth facts that support Local 1-D's position that Plaintiffs have no cause of action against Local 1-D for the relief sought in the Complaint.

## RELEVANT FACTS

1. Defendant Local 1-D is a "labor organization" as defined in the National Labor Relations Act ("Act"), 29 U.S.C. §152(5).

2. Defendant Southern Wine & Spirits of America, Inc. ("Southern") is an "employer" as defined in the Act, 29 U.S.C. §152(2).

3. Plaintiffs Tatiana Herdocía ("Herdocia") and Eda Scott ("Scott") are "employees" as defined in the Act, 29 U.S.C. §152(3).

4. In or around January 2008, Herdocia and Scott began their employment with Southern as inventory control clerks.

5. Local 1-D is the duly recognized collective bargaining representative of certain inventory control clerks employed by Southern, including both Herdocia and Scott.

6. During the relevant times herein, said inventory control clerks were covered by the terms of a collective bargaining agreement by and between Southern and Local 1-D ("CBA").

7. In or around April of 2011, Herdocia and Scott complained to Local 1-D about not receiving "top pay" as provided in the CBA.

8. On May 22, 2014, Herdocia and Scott commenced this action ("Action").

9.    The Action contains three sex discrimination claims against Local 1-D allegedly due to its negotiating for pay that provided Herdocia and Scott with lower wages than their male co-workers performing substantially the same work for Southern.

10.    The Plaintiffs have failed in their Complaint to allege that Local 1-D:

- breached its duty of fair representation to its bargaining unit employee at Southern, and

- that its conduct was motivated by animus toward Herdocia and Scott.

I affirms under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 18th day of April, 2017.

J. WARREN MANGAN, ESQ. (JWM 8779)

Case No.  CV 14-3196 (DRH)(ARL)               Year
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TATIANA HERDOCIA and ENA SCOTT,

                                                              Plaintiffs,

                              v.

SOUTHERN WINE & SPIRITS OF AMERICA, INC. and
WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1D,

                                                              Defendants.

**DEFENDANT WINE, LIQUOR & DISTILLERY WORKERS UNION
LOCAL 1-D, UFCW'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT**

O'CONNOR & MANGAN, P.C.
*Attorneys for* Defendant Newspaper & Mail Deliverers' Union of New York and Vicinity
*Office and Post Office Address, Telephone*
271 North Avenue, Suite 206
New Rochelle, NY  10801
914-576-7630

| To | Signature (Rule 130-1.1-a) |
|---|---|
| Attorney(s) for | *Print name beneath* |

| Service of a copy of the within | is hereby admitted. |
|---|---|
| Dated, | |
| Attorney(s) for | *Print name beneath* |

Please take notice
☐ NOTICE OF ENTRY
that the within is a certified copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                               of which the within is a true copy will be presented for
settlement to the HON.                                                        one of the judges
of the within named court, at
on                         at              M
Dated,

                                      Yours, etc.
                                      O'CONNOR & MANGAN, P.C.